UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

| | |
|---|---|
| IN RE: <br><br> ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYSFEMORAL HEAD PRODUCTS LIABILITY LITIGATION <br><br> *This Document Relates to All Actions* <br><br> *Judith A. Nagel v. Zimmer, Inc., Zimmer US, Inc. and Zimmer Biomet Holdings, Inc. f/k/a Zimmer Holdings, Inc.* | MDL No. 2859 <br><br> 18-MD-2859 (PAC) <br> 18-MC-2859 (PAC) <br><br> **COMPLAINT** <br><br> Case No. |

-------------------------------------------------------------------------x

1. Plaintiff, Judith A. Nagel, states and brings this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2. Plaintiff is filing this Short Form Complaint as permitted by this Court's Case Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff, JUDITH A. NAGEL, is a resident and citizen of the State of Pennsylvania and claims damages as set forth below.

4. Venue of this case is appropriate in the United States District Court, District of Pennsylvania. Plaintiff states that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court, District of Pennsylvania. Therefore, Plaintiff respectfully request

that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

    5.    Plaintiff brings this action *[check the applicable designation]*:

  _X___    On behalf of himself/herself;

_____    ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## FACTUAL ALLEGATIONS

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES):

    6.    Plaintiff Judith A. Nagel was implanted with a Versys Femoral Head in her left hip on or about December 17, 2012, at UPMC Magee Womens Hospital, 300 Halket Street, Pittsburgh, PA by Anthony Digioia, M.D.

    7.    Plaintiff was implanted with the following femoral stem during the December 17, 2012 implantation surgery:

    ___X___    Zimmer M/L Taper

    _____    Zimmer M/L Taper with Kinectiv Technology

    8.    Plaintiff had the following right components explanted on or about December 31, 2019, at UPMC Magee Womens Hospital, 300 Halket Street, Pittsburgh, PA by Kenneth Urish, M.D.:

    __X___    Versys femoral head

  _____  Zimmer M/L Taper

  _____  Zimmer M/L Taper with Kinectiv Technology

## ALLEGATIONS AS TO INJURIES

9. (a) Plaintiff claims damages as a result of (check all that are applicable):

  __X__  INJURY TO HERSELF/HIMSELF

  _____  INJURY TO THE PERSON REPRESENTED

  _____  WRONGFUL DEATH

  _____  SURVIVORSHIP ACTION

  _____  ECONOMIC LOSS

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable):

  _____  LOSS OF SERVICES

  _____  LOSS OF CONSORTIUM

10. Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11. Plaintiff has suffered injuries as a result of the explantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

13. Due to the nature of the defect, Plaintiff(s) could not have known that the injuries

he/she suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff(s).

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

14. The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

| | |
|---|---|
| __X__ | COUNT I - NEGLIGENCE; |
| __X__ | COUNT II - NEGLIGENCE PER SE; |
| __X__ | COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN; |
| __X__ | COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT; |
| __X__ | COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN; |
| __X__ | COUNT VI - BREACH OF EXPRESS WARRANTY; |
| __X__ | COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY; |
| __X__ | COUNT VIII - BREACH OF IMPLIED WARRANTIES; |
| __X__ | COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS |
| __X__ | COUNT X –NEGLIGENT MISREPRESENTATION |
| __X__ | COUNT XI- FRAUDULENT CONCEALMENT |
| __X__ | COUNT XII - UNJUST ENRICHMENT |
| __X__ | COUNT XIII – LOSS OF CONSORTIUM |
| _____ | COUNT XIV – WRONGFUL DEATH |
| _____ | COUNT XV- SURVIVAL ACTION |

In addition to the above, Plaintiffs assert the following additional causes of action under applicable state law:

_____        PUNITIVE DAMAGES

_____        OTHER: _____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;
2. For all applicable statutory damages of the state whose laws will govern this action;
3. For an award of attorneys' fees and costs;
4. For prejudgment interest and costs of suit;
5. Exemplary damages;
6. For restitution and disgorgement of profits; and,
7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Date: December 8, 2020                                      Respectfully submitted,

/s/Ashleigh E. Raso
BY:   Ashleigh Raso (MN 0393353)
      Anthony J. Nemo (MN 221351)
      Meshbesher & Spence, Ltd.
      1616 Park Avenue
      Minneapolis, MN 55404
      Telephone: (612) 339-9121
      Facsimile: (612) 339-9188
      tnemo@meshbesher.com
      araso@meshbesher.com